GILBERT L. LAWS, PLAINTIFF IN ERROR, V. HARLAN COUNTY AND JOHN S. DAVID, DEFENDANTS IN ERROR.

Counties : EXAMINATION OF TREASURER'S ACCOUNTS. County commissioners have authority under section 160 of the revenue law of 1879 to employ a competent person at a reasonable compensation to examine the accounts of the county treasurer when in their opinion it is necessary to do so. And where such appointment has been made, and the services rendered, necessity for the appointment will be presumed.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

*Laird & Smith,* and *P. J. Dempster,* for plaintiff in error.

*J. M. Hiatt,* for defendant in error.

MAXWELL, J.

In September, 1880, the board of county commissioners of Harlan county employed the plaintiff as an expert to examine the accounts of the treasurer of said county. The compensation to be paid the plaintiff for said services was fixed at $3.00 per day for the time actually employed. The plaintiff performed the services agreed upon, and made a report of the condition of the treasurer's accounts to the county commissioners of said county, and presented a claim for 80 days services at $3.00 per day. This claim, amounting to $240.00, the commissioners allowed, whereupon, one John F. David, a tax payer of said county, appealed to the district court. A demurrer to the plaintiff's petition was sustained in the district court and the action dismissed. The plaintiff brings the cause into this court by petition in error. The question to be determined is the authority of the commissioners to employ an expert for the purpose stated.

Sec. 155 of the revenue law of 1879 provides that : " On or before the first day in October, annually, and at such

other times as the county board may direct, the county treasurer shall make out and file with the county clerk a statement in writing, setting forth in detail the name of each person charged with personal property tax which he and other collectors have been unable to collect, by reason of the removal or insolvency of the person charged with such tax, the value of the property and the amount of tax, the cause of inability to collect such tax, in each separate case, in a column provided in the list for that purpose. Said treasurer shall, at the same time, make out and file with the county clerk a similar detailed list of errors in assessment of real estate, and errors in footing of tax books, giving in each case a description of the property, the valuation and amount of the several taxes and special assessments, and cause of error. The truth of the statement contained in such lists shall be verified by affidavit of the county treasurer."

Sec. 156 provides that: "If any lands or lots shall be delinquent for taxes or special assessments, the treasurer shall be entitled to a credit in his final settlement for the amount of the several taxes and special assessments thereon, the county to allow the amount of printers' fees thereon, and be entitled to said fees so allowed when collected: *Provided*, that the county treasurer shall not be entitled to credit for delinquent personal property until he has filed with the clerk an affidavit that he has been unable to collect the tax due by reason of a want of personal property of the owner thereof, and that to the best of his knowledge and belief no personal property of any such owner is in the county. If the county board be in session on the first of October, it shall settle with and allow the county treasurer credit for such allowance as he may be legally entitled to."

Sec. 158 provides that: "If there be no session of the county board held at the proper time for settling and adjusting the accounts of the county treasurer, it shall be

the duty of the treasurer to file the lists with the county clerk, who shall examine said lists and correct the same, if necessary, in like manner as said board is required to do. Said county clerk shall make an accurate computation of the value of the property, and the amount of the delinquent tax and special assessments returned, for which the collector is entitled to credit."

Sec. 160 provides that: " The auditor and other proper authorities or persons shall, in their final settlements with the treasurer, allow him credit for the amount so certified: *Provided,* That if the auditor or other proper authorities or persons shall have reason to believe that the amount stated in said certificate is not correct, or that the allowance was illegally made, he or they shall return the same for correction; and when the same shall appear to be necessary, in the opinion of the auditor or such other proper authorities or persons, he or they shall designate and appoint some competent person to examine the treasurer's books and settlement, and the person so designated and appointed shall have access to the treasurer's books and papers, appertaining to such treasurer's office or settlement, for the purpose of making such examination."

The authority of the commissioners to employ an expert to examine the accounts of the county treasurer is here expressly given. But it is said that if the power is conceded still there is no allegation in the petition that in the opinion of the commissioners it was necessary to employ an expert to examine the treasurer's account. The principle is well settled that the officers of a municipal or *quasi* corporation cannot bind the corporation by any contract which is beyond the scope of its powers. The reason is, the inhabitants are the incorporators and the officers mere agents, whose duties are prescribed by statute, and whose acts to be valid must be within the scope of their authority. But where the power is ex-

pressly conferred and has been exercised, as in this case, it is certainly sufficient, *prima facie* at least, to show that, in the opinion of such officers, it was necessary to employ an expert to examine the treasurer's books, by the employment of such expert,—in other words the fact that they employed an expert for that purpose, shows that in their opinion it was necessary to appoint a competent person to examine the treasurer's books.

In the case at bar the commissioners had authority to employ the relator and pay him a reasonable compensation therefor; the services have been performed and accepted by the commissioners, and the plaintiff is entitled to be paid for the same. The judgment of the district court is reversed and the cause remanded.

COBB, J., concurs.

REVERSED AND REMANDED.