DAKOTA COUNTY v. CHARLES M. BOROWSKY.

FILED FEBRUARY 4, 1903.   No. 12,237.

1. **Sheriff:** PRISONERS: SERVICES: GUARDING: COMPENSATION: RE-
COVERY FROM COUNTY. A sheriff who has, either in person or
by deputy, guarded prisoners in the county jail, is, if the serv-
ices were actually necessary, entitled to recover from the
county compensation for such services at the rate of $2 per day.

2. ———: ———: ———: ———: ———: ———: COUNTY BOARD:
JUDGMENT OF SHERIFF: QUESTION FOR COURT. The right to de-

Syllabus by court; catch-words by editor.

termine the necessity for such services before they are ren-
dered, does not belong to the county board. Neither is the
judgment of the sheriff upon the matter conclusive. Ultimately
the question is for the courts.

3. **Specific Fees: SHERIFF'S RIGHT.** The specific fees provided for in
section 5, chapter 28, Compiled Statutes, 1901 (section 9031,
Annotated Statutes), pertain to the office of sheriff, and the
sheriff is entitled to them whether they were earned by himself
or his deputy.

4. **Appeal Vacates Decision In Toto.** An appeal by a claimant from
a decision of the county board upon a claim presented for ad-
justment and allowance vacates the decision, even though it be
in part favorable to the claimant.

5. **Decision an Entirety.** When a claim is by the county board
allowed in part and rejected in part, the claimant must deal
with the decision as an entirety. He can not accept the part
that is in his favor and appeal from the remainder.

ERROR from the district court for Dakota county. Ap-
peal from an order of the board of county commissioners
disallowing certain claims of a sheriff for fees. Tried on
appeal before GRAVES, J., without a jury. Judgment for
claimant. *Reversed.*

*William P. Warner,* for plaintiff in error.

*Daniel Sullivan, Mell C. Beck* and *Thomas F. Griffin,*
contra.

SULLIVAN, C. J.

Borowsky, who was sheriff of Dakota county in 1899,
presented to the county board of said county two claims
for services rendered by him in his official capacity. One
was a claim of $60 for guarding prisoners; the other a
claim of $483, part of which was for guarding prisoners
and part for services as jailer. The board rejected the
first claim *in toto.* It also rejected the charge in the sec-
ond claim for guarding prisoners, but allowed the charge
for services as jailer. From both orders Borowsky ap-
pealed, but he received from the county clerk, and still
retains, a warrant drawn in his favor for the amount
allowed him as jailer's fees. In the district court the ac-

tions were consolidated and tried without a jury. The validity of plaintiff's claim for services rendered in guarding prisoners and the legal consequence of receiving and retaining the warrant covering the charge for jailer's fees, were the only questions raised by the pleadings and contested at the trial. There was a general finding in favor of the plantiff and upon this finding judgment was rendered.

In disposing of the case, the only points we shall consider are those which counsel have discussed. The first contention of the county attorney is that the evidence does not show an actual necessity for a prison guard. We are inclined to think it does. The jail was insecure and prisoners had previously escaped. The suggestion that the persons confined in the jail were not charged with serious crimes is not without weight, but we can not regard it as being decisive of the question. It is the duty of a sheriff to prevent the escape of prisoners in his custody whether they are charged with great or small offenses. If the services rendered were actually necessary, the plaintiff is entitled to recover the specific compensation fixed by the statute. The services, which consisted for the most part in occupying a room in the court-house next to the jail, were neither arduous nor exhausting, but it can not be said that they were without value. Those who are actively engaged are not the only servants worthy of their hire. "They also serve who only stand and wait." The jail guard did not exert himself, but he was ready for action; his time was given to the public, and it is quite probable that his nearness to the prisoners had a restraining influence upon them. At any rate the trial court was warranted in finding, as it did, that the fees charged for guarding prisoners had been earned. The plaintiff was under no legal obligation to consult with the county board before incurring the expense in question. The duty of preventing a jail delivery was his, and if he did not err in his conclusion as to the necessity for a guard, he earned, and became entitled to recover, the fees claimed.

The contention that there can be no recovery because the deputy who earned the fees had not assigned them to Borowsky is manifestly without merit. The fees pertain to the office; they belong to the sheriff; the statute makes them his. The deputy had no claim upon them and had, therefore, nothing to assign. The sheriff was entitled to the statutory fees and the county was bound to pay them, regardless of the compensation received by the deputy for his services. The cases cited by the county attorney—*Phœnix Ins. Co. v. McEvony,* 52 Nebr., 566, and *Porter v. Booth,* 47 N. W. Rep. [S. Dak.], 960—are, it seems to us, entirely irrelevant.

The final argument for a reversal of the judgment is that the plaintiff, by accepting the warrant in satisfaction of the charge for jailer's fees, lost the right to prosecute an appeal from the decision of the county board disallowing part of the second claim. This question was considered and decided in the recent case of *Weston v. Falk,* 66 Nebr., 198. It was there held that an order like the one here in question is indivisible, and that a claimant can not accept the part of it that is in his favor and appeal from the remainder. Section 37, chapter 18, article 1, Compiled Statutes, 1901 (section 4455, Annotated Statutes), provides that the claimant "may appeal from the decision of the board to the district court." The next section gives the right of appeal to any taxpayer, and section 39 provides that "such appeal shall be entered, tried, and determined the same as appeals from justice courts." It is entirely clear from these provisions of the statute that the right of appeal given to dissatisfied claimants and taxpayers is the right to appeal from the whole decision, not from part of it. If the appeal in this case had been taken by a taxpayer, its effect upon the order of the county board would, perhaps, be more readily perceived by counsel for plaintiff.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

NOTE.—*Appeal—Vacation of Decision Ipso Facto.*—As to effect of appeal in vacating judgment, *Minneapolis Harvester Works v. Hedges*, 11 Nebr., 46, 48; *O'Leary v. Iskey*, 12 Nebr., 136, 137; *Creighton v. Keith*, 50 Nebr., 810, 814; *Jenkins v. State*, 60 Nebr., 205.

*Fees of County Officers—Ministerial Function of Board.*—Where the compensation for services rendered for the county is definitely fixed by law, the audit of the same and [the] drawing a warrant therefor, by the board, are merely ministerial duties, unattended with the exercise of any official discretion, and therefore, in such case, the board can not make such compensation any greater or any less than that fixed by the law. Opinion by GANTT, C. J. *Kemerer v. State*, 7 Nebr., 130. Judge BARNES, in an opinion filed October 5, 1904, points out the distinction between the judicial and ministerial functions of county boards so clearly that this heretofore puzzling question ought to give no further trouble to attorneys or clients. *Maurer v. Gage County*, not yet reported.—W. F. B.