MARY J. DAVIS v. LUKE B. HANCOCK.[1]

June 30, 1905.

Nos. 14,368—(175).

**Construction of Will.**

> The terms of a testamentary bequest of personal property construed,
> and *held* to vest a legacy of $2,000 in an employee of testator on the lat-
> ter's death, instead of being a condition precedent, whereby the legacy
> depended upon the continuance of the testator's business for an appreci-
> able length of time.

Appeal by plaintiff as administratrix with the will annexed of the
estate of W. H. Davis, deceased, from an order of the district court for
Hennepin county, Brooks, J., denying a motion for a new trial. Af-
firmed.

*L. W. Collins* and *Frank J. Morley,* for appellant.
*Weed Munro,* for respondent.

LOVELY, J.[2]

This is an appeal from an order overruling a motion for a new trial
in a suit tried to the court, in which findings were made sustaining a
testamentary bequest of $2,000 to respondent.

It appears from findings not questioned that William H. Davis, of
Minneapolis, on June 20, 1902, made a will; personally writing the same
without the aid of counsel. This testament contained the provision
here questioned, which was intended to be for the benefit of three of
his trusted employees—Charles H. Durrin, Stanislaus Mitchell, and
Luke B. Hancock. Durrin and Mitchell were named as the executors
of the will. Testator was unmarried, childless, but had a sister, the
plaintiff, who is the residuary legatee. Testator was for a number of
years previous to his death engaged in the manufacture of illuminating
oils. Mitchell was the manager of the business, Durrin an assistant,
and Hancock his stenographer. The business was very profitable, his
estate being valued in round numbers at $190,000, and undoubtedly
confidential relations of the most pronounced character existed between

---

[1] Reported in 104 N. W. 299.     [2] START, C. J., absent, took no part.

these three servants and the testator. This was the condition of affairs on the date of testator's death, April 23, 1903. While he, with Mitchell and Durrin, were seated there in his place of business, an explosion occurred, demolishing the building, and the three were instantly killed. Hancock, the defendant, was absent—fortunately for him—and now claims the benefit of the legacy provided for in the will. Mitchell and Durrin being dead, the sister applied for letters of administration, which were granted.

The only question that has arisen in the settlement of the estate is over the bequest for the benefit of the three clerks, which is in these terms:

> After the payment of all of my just debts, including the debts of the business of which I am sole proprietor, conducted under the name of the Northwestern Star Oil Company of Minneapolis; Minn., I hereby give and bequeath as follows: To Charles H. Durrin, Stanislaus Mitchell and Luke B. Hancock, the sum of two thousand dollars each in cash or good security, to be paid at such time as does not inconvenience the business I have left, nor my estate to pay the same. Provided these three named parties, as above, shall contine to manage and have charge of the business I am now engaged in. They to decide whether it is best to continue said business, and if not so continued, how to close it out or sell it to the best advantage of my estate.

There is a further provision in the will for a wife, in case the testator should marry; also that the executors should receive reasonable compensation for their services in financial matters connected with the estate, or in handling the same. Mitchell was to have the decisive voice after consulting with Durrin and his heirs. It is stated in the will that his sister, Mary Jane Davis, and a nephew whom he disinherits, are the only near relatives living. After the special bequests to the employees named, the will provides that, when the payments are made as above stated, the homestead is to be given to his sister, and, in case he dies unmarried, the remainder of his property, both real and personal, is devised to her.

In writing his will the testator speaks of the bequests to his employees as the "three gifts above specified of $2,000 each." There are no other

provisions in the will itself that tend to throw light upon the meaning of the testator, but it did appear from the evidence, and is so found by the court, that each of the employees named was quite near in confidence to the testator. But it is contended that the provisions for Mitchell, Durrin, and Hancock were intended and must be interpreted to be conditions precedent to the continuance of the business in which testator was engaged for at least an appreciable length of time, and this claim is necessary in order to sustain plaintiff's contention, for, if the business was not to be continued upon the condition in this specified bequest of $2,000, no other conclusion can be adopted than that these legacies were intended to vest at once upon the death of the testator.

Much stress was laid in the argument upon the use of the language: "Provided these three named parties shall continue to manage and have charge of the business I am now engaged in." Undoubtedly the term "provided" is that usually adopted to characterize a condition. But this is not necessarily of controlling force. It is the duty of courts, particularly where doubts may be suggested, to take the testament by its four corners, and, occupying, if possible, the position of testator, give a sensible and reasonable construction to its language. The terms "condition precedent" and "condition subsequent" are not, in our view, decidedly useful in reaching the purpose of the testator. The distinguished counsel for appellant presented an able and exhaustive review of the law relating to the distinction between conditions precedent and subsequent, but the terms of the will itself seem to us to render such discussion inapplicable to the case at bar.

We are of the opinion that the expressed wishes of the testator indicate the material and grateful intention to recognize the three faithful employees by what he in terms had expressed as a "gift"; that such wish could not be affected in any other way than giving to such word its full significance. It is not possible to adopt the mere fact that the testator had the distinctive purpose to require that his business be continued, and incidentally thereto to adopt plaintiff's contention that the $2,000 was a matter of compensation therefor, for, by the very terms of the will itself, the business might be terminated immediately on the death of the testator, when, under the terms of the will, the executors were entitled to full compensation for settling the estate. It would have been quite easy to have expressed the purpose of con-

tinuing the business or of indicating compensation for the legatees, if such had been testator's purpose. It is left to a mere inference, and that inference at variance with what might well have been the natural inclination and tendency of the testator, as well as in conflict with the authority he gave to close up the business at once, and before any appreciable length of time could have elapsed.

We are of the opinion, on the whole, that the testator intended to give the sum of $2,000 to each of his trusted employees; that it was to be vested in each on his death, providing nothing on their part occurred to change the relations that existed between them. Testator could not anticipate the unfortunate catastrophe which terminated his life, and was outside the range of probabilities; but, could he have anticipated sudden death, we can construe his purpose in no other way than a manifestation of his gratitude to his trusted servants by what seems to be a remembrance of their devotion to his interests in the past.

Order affirmed.