Points Decided.

(October 5, 1912.)

## L. E. PROTHERO, Appellant, v. BOARD OF COUNTY COMMISSIONERS OF TWIN FALLS COUNTY, Respondents.

### [127 Pac. 175.]

Board of County Commissioners — Order—Appeal from—Trial on Appeal—Auditing Books—Contract for — Employment of Accountant.

(Syllabus by the court.)

1.   Under the provisions of sec. 1953, Rev. Codes, an appeal from an order of the board of county commissioners must be tried anew in the district court, and the board of county commissioners or the person in whose favor a claim is allowed has the affirmative in said trial and must produce evidence sufficient to make a *prima facie* case.

2.   The board of county commissioners has only such powers as are expressly or impliedly conferred upon it by statute.

3.   Under the provisions of subd. 9 of sec. 1917, Rev. Codes, the board has jurisdiction and power to examine and audit the accounts of all county officers having the care, management, collection or disbursement of moneys belonging to the county or appropriated by law, or otherwise, for its use and benefit.

4.   The board has authority to employ an accountant to examine and audit the accounts of all officers referred to in said subd. 9.

5.   When such accountant is employed and audits such accounts, the presumption is that a necessity therefor existed and a showing to that effect makes a *prima facie* case that a necessity existed therefor; but such *prima facie* case may be rebutted by evidence showing that there was no necessity therefor.

6.   Under the law prescribing the duties of state examiner, he is required to make an annual, written report to the governor and embody therein an abstract of the condition and statistics of the "several county and state finances" as ascertained by him, which report is intended to keep the governor informed as to the financial condition of the counties and state, and he is not required to make any report to the boards of county commissioners of the results of his examination of the books and accounts of the county officers.

7.   The statutes providing for a state examiner and prescribing his duties do not expressly or impliedly repeal the power of boards of county commissioners imposed by sec. 1917, Rev. Codes.

APPEAL from the District Court of the Fourth Judicial District for Twin Falls County. Hon. C. O. Stockslager, Judge.

Appeal from an order of the board of county commissioners allowing the claim of an expert for auditing the accounts and books of the county officers. Judgment for the board. *Affirmed.*

W. P. Guthrie, J. H. Wise, and Sweeley & Sweeley, for Appellant.

When the case reached the district court upon the appeal from the order of the board, it was necessary for the petitioners to make their case there and prove the same facts they were required to prove before the board of commissioners. (*Gardner v. Blaine County,* 15 Ida. 698, 99 Pac. 826.)

There is no express provision of statute giving the board the power sought to be exercised. Sec. 1917 of the codes enumerates the general jurisdiction and powers of boards, and the right to employ at public expense persons to do work imposed upon the board itself is not mentioned, neither does it exist by necessary implication. (*Meller v. Board, etc.,* 4 Ida. 44, 35 Pac. 712; *Hampton v. Commissioners,* 4 Ida. 646, 43 Pac. 324; *Miller v. Smith,* 7 Ida. 204, 61 Pac. 824; *Smith·v. Los Angeles Co.,* 99 Cal. 628, 34 Pac. 439; *Waters v. Trovillo,* 47 Kan. 197, 27 Pac. 822; *Merced County v. Cook,* 120 Cal. 275, 52 Pac. 721; *House v. Los Angeles Co.,* 104 Cal. 73, 37 Pac. 796; *Chase v. Board, etc.,* 37 Colo. 268, 86 Pac. 1011, 11 Ann. Cas. 483; *State ex rel. Coleman v. Fry,* 77 Kan. 540, 95 Pac. 392, 16 L. R. A., N. S., 476; *Stevens v. County,* 218 Ill. 468, 4 Ann. Cas. 136, 75 N. E. 1024, 4 L. R. A., N. S., 339.)

A. R. Hicks, County Attorney, and W. H. Wilkins, for Respondents.

The provisions of sec. 1917, Rev. Codes, were construed in the case of *Harris v. Gibbins,* 114 Cal. 418, 46 Pac. 292, wherein the court held that the board of county commissioners had authority to employ an expert to audit the books.

The following cases are in point upon the question of authority and the presumption of necessity: *Laws v. Harlan County,* 12 Neb. 637, 12 N. W. 114; *Board v. Gardner,* 155 Ind. 165, 57 N. E. 908; *Garrigus v. Board of Commrs.,* 157 Ind. 103, 60 N. E. 948.

Such duties are not imposed upon the state examiner, and if they were, it would, of course, be utterly impossible for the state examiner to perform them, and moreover, it would in effect be the abrogation of local self-government and the statutes would be unconstitutional and void. (*State v. Stanford,* 24 Utah, 148, 66 Pac. 1061; *State v. Eldredge,* 27 Utah, 477, 76 Pac. 337; *McDonald v. Doust,* 11 Ida. 14, 81 Pac. 60, 69 L. R. A. 220; *People v. Albertson,* 55 N. Y. 50.)

SULLIVAN, J.—This is an appeal from the judgment of the district court of Twin Falls county, affirming the order of the board of county commissioners in its allowance of a claim to one Edmunds for examining and auditing the accounts of the county officers of said county.

Appellant assigns two errors: First, that there is no authority of law giving the power to boards of county commissioners to employ, at the expense of the public, a person to audit the books of the various county officers; second, conceding that such power might exist, it cannot be exercised for the reason that there is a public officer provided by statute, viz., state examiner, whose duty it is to examine the books of county officers.

*In limine,* counsel for appellant contend that this case was not properly tried in the district court, for under the law as laid down in the case of *Gardner v. Blaine County,* 15 Ida. 698, 99 Pac. 826, the respondents had the affirmative on all matters and must prove everything necessary to establish the claim of Edmunds. That was a case involving the incorporation of the village of Soldier. A resident and taxpayer within the limits of the territory to be included in said village appealed to the district court from said order, and when the case was called for trial in the district court, counsel for appellant moved that the respondent board be re-

quired to take the affirmative and show the jurisdictional facts necessary to authorize the board of county commissioners to incorporate said village, whereupon the court overruled said motion and directed the taxpayer to open the case and to prove that the board had no such jurisdiction, to which ruling appellant excepted. Judgment was entered sustaining the order of the board, and this court on appeal held that the trial court erred in requiring the appellant to take the initiative and prove that the board had no jurisdiction to make said order, and held that the affirmative rested with the board to show that they had jurisdiction to make said order.

In the case at bar the board allowed a claim against the county and a taxpayer appealed from said order and the trial was had in the district court, in which the board took the initiative and introduced evidence showing that the board had authority to make said order—at least the trial court so held. That was the proper method of procedure. If the board had failed to put in the evidence on which said claim was based or made, the person owning the claim had a right to appear and put in such evidence in support of his claim. The question presented to the district court was whether the board had legal authority to allow said claim. The proper method of trying an appeal from the board of county commissioners in the district court was pursued in this case, as the board introduced evidence sufficient to make a *prima facie* case. No evidence whatever was introduced by the appellant to show that there was no necessity for the employment of said accountant or that the compensation allowed the accountant was too large, and counsel for appellant rests this appeal upon the two errors assigned, as above stated.

(1) It appears from the record that some conversation was had between Edmunds and the members of the board in regard to examining the books of the county officers, and Edmunds thereafter submitted a proposition to the board for doing said work and making his report thereof. At a meeting of the board the offer submitted by Edmunds was accepted, and thereafter he performed the services covered by the contract to the satisfaction of the board, and presented

his claim against the county, duly verified, for the amount called for by the contract, viz., $1,500. The board made and entered an order allowing said claim.

It is conceded that the board of county commissioners has only such powers as are expressly or impliedly conferred upon it by statute. By the provision of subd. 9 of sec. 1917, Rev. Codes, the board of county commissioners has jurisdiction and power to examine and audit the accounts of all officers having the care, management, collection or disbursement of moneys belonging to the county, or appropriated by law, or otherwise, for its use and benefit. The statute in terms provides that the board shall examine and audit the accounts of the several county officers. But it is a well-known fact that boards of county commissioners of this state are not generally expert accountants and might not be able to expert the books and accounts of the several officers of the county. Statutes similar to those of this state in regard to these matters were construed in the case of *Harris v. Gibbins,* 114 Cal. 418, 46 Pac. 292, and it was there held that the board of county commissioners had authority to employ an expert to audit such books. The court said:

"It is difficult to conceive how a board of supervisors, in its capacity as a body corporate and politic, could expert books, or be an expert accountant, and yet the experting of books seems to be necessary to that supervision of county officers which the law expressly imposes upon such board. Power to accomplish a certain result, which evidently cannot be accomplished by the person or body to whom the power is granted, without the employment of other agencies, includes the implied power to employ such agencies; and in such case, when the law does not prescribe the means by which the result is to be accomplished, any reasonable and suitable means may be adopted."

We conclude that the board had the authority to employ said accountant.

But it is contended that the record of the board of county commissioners must show on its face the necessity for employing such expert. The presumption is that officers would

do their duty and would not employ an accountant unless there was a necessity for it, and their employment of an expert accountant is a sufficient showing that there was a necessity for it, to make a *prima facie* case. Had the appellant established on the trial that there was no necessity for it, then we would have a different case before us. As before stated, the appellant did not introduce any evidence to show that there was no necessity for the employment of said accountant, or that the claim allowed was excessive. (*Laws v. Harlan County*, 12 Neb. 637, 12 N. W. 114; *Board of County Commrs. v. Gardner*, 155 Ind. 165, 57 N. E. 908; *Garrigus v. Board of County Commrs.*, 157 Ind. 103, 60 N. E. 948.)

(2) Appellant next contends that any power the commissioners may have had to employ an accountant before the enactment of the statute imposing upon the state examiner the duty of supervising the accounts of state and county officers was by the enactment of that law taken away. Sec. 170 of the Rev. Codes provides that the insurance commissioner shall be *ex officio* state examiner. Sec. 172 gives such examiner full power to "expose false or erroneous systems of accounting, and when necessary shall instruct state and county officers in the proper mode of keeping such accounts." Sec. 174 directs the state examiner to make a thorough examination of the books, accounts and vouchers of state officers at least twice a year and of county officers at least once each year. Sec. 176 requires him to report to the attorney general or prosecuting attorney the refusal or neglect of county officers to obey his instructions. Sec. 177 requires him to report to the governor the result of his examinations. Sec. 184 requires the state examiner to make an annual written report to the governor and embody therein an abstract of the condition and statistics of the several county and state finances as ascertained by him. He is not required to make any report to the several boards of county commissioners, and his examinations and reports are intended to keep the governor informed as to the financial condition of the counties and the state. The statutes providing the duties of state examiner do not expressly or impliedly repeal any

powers given by sec. 1917 to the board of county commissioners. The duties enumerated in sec. 1917 of the Rev. Codes constitute the chief executive duties of the board of county commissioners, and such duties are not imposed upon the state examiner. The enactment of the law providing for a state examiner was not intended to repeal the statute authorizing the board of county commissioners to audit the various accounts of the several county officers. To hold that it does would in effect abrogate local self-government to a considerable extent, and an act of the legislature that undertakes to do that is clearly unconstitutional and void. (*State v. Stanford,* 24 Utah, 148, 66 Pac. 1061; *State v. Eldredge,* 27 Utah, 477, 76 Pac. 337; *People v. Albertson,* 55 N. Y. 50. See, also, art. 18, Const. of Idaho.)

The board of county commissioners is not absolved from the performance of the duties imposed by sec. 1917, by the enactment of the law providing for a state examiner, and it has full power and authority, whenever the necessity exists, to appoint an accountant to examine and report upon the condition of the books of the several county officers. The commissioners have no power or authority to direct the state examiner to audit the books of the county officers or to demand a report from him. The state examiner has other duties to perform in his office of state insurance commissioner, and examiner of the accounts and books of state officers, and as we view it, it would be utterly impossible for him to make a careful examination of all the books of the county officers of the twenty-seven counties of this state, such as the county commissioners are required to make of such accounts and books, and to perform the other duties imposed upon him by law. It took the accountant seven weeks to make an examination of the accounts of the county officers of Twin Falls county, and if it should take only four weeks to the county to make such careful examination of the books and accounts, it would take over two years to make such examination. But regardless of such fact, it was not the intent of the legislature in providing for a state examiner to prohibit the boards of

county commissioners from auditing the various accounts and books of the officers of their county.

We therefore conclude that the judgment of the trial court must be affirmed and it is so ordered.

Stewart, C. J., and Ailshie, J., concur.