## LEON NADEAU v. ANDREW W. JOHNSON and Others.[1]

May 8, 1914.

Nos. 18,628—(60).

**Boundary — practical location — evidence.**

> Evidence *held* sufficient to sustain the findings of the trial court to the effect that there was a practical location by the mutual consent and agreement of the parties of the dividing line between their respective properties.

Action in the district court for Washington county to determine a boundary line. The facts are stated in the opinion. The case was tried before Stolberg, J., who made findings and ordered judgment in favor of defendant Andrew W. Johnson for his costs and disbursements. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Joseph Brorby, Joseph J. Granbeck* and *Ludwig O. Solem,* for appellant.

*M. D. Munn,* for respondent.

Brown, C. J.

Action to determine the boundary line of certain real property in which defendants had judgment and plaintiff appealed.

The facts in brief are as follows: Block 25 of Forest Lake Village contains, according to the plat thereof, four lots; 1, 2, and 3 of

[1] Reported in 147 N. W. 241.

Note.—On the question of the effect of compromise agreement locating division line at place known not to be the true boundary, see note in 10 L.R.A.(N.S.) 610.

which, as so platted, are 50 and lot four 60 feet wide. In the year 1902 plaintiff was the owner of all these lots, and he sold and conveyed lot 3 to Johnson & Hurd, a copartnership composed of defendant Johnson and one Hurd. Plaintiff had theretofore erected a store building upon lot 4 which he occupied in the conduct of his mercantile business. Some two or three months subsequent to the conveyance of lot 3 to Johnson & Hurd, the question of the dividing line between that lot and lot 4 came up, and defendants claim that it was then by mutual agreement between plaintiff and Johnson & Hurd marked out and definitely settled; that all parties thereafter acquiesced in the line so agreed upon and constructed their buildings in reference thereto, and in all respects treated that as the true line between those lots. This agreement was expressly denied by the plaintiff. The court found the fact in harmony with the contention of defendants, and that there was, by the acts and conduct of the parties, a practical location of the line at the point claimed by them, and judgment was ordered accordingly.

The only substantial question presented by the assignments of error is whether the trial court erred in its findings of fact and conclusions of law; in other words, whether the findings of fact are sustained by the evidence. The assignment challenging the admission of certain evidence over the objection of plaintiff is without substantial merit. We therefore turn our attention to the question whether the evidence justified the court in finding a practical location of the line between these lots.

The rules controlling the practical location of a boundary line were fully stated in Beardsley v. Crane, 52 Minn. 537, 54 N. W. 740, and in Benz v. City of St. Paul, 89 Minn. 31, 93 N. W. 1038, following the Beardsley case, it was held that the practical location of such line might be established in one of three ways, the second of which, the only one here material, was there expressed as follows:

"The line must have been expressly agreed upon between the parties claiming the land on both sides thereof, and afterwards acquiesced in."

The evidence in the case at bar tends clearly to bring the case within that rule. It shows that plaintiff was the owner of all the lots

in the particular block, that he conveyed lot 3 to Johnson & Hurd; it tends to show that a short time subsequent to such conveyance the parties expressly agreed upon the dividing line between that lot and lot 4; that plaintiff and his brother, and Johnson & Hurd, all participated in the measurements taken for the purpose of locating the line, and when located stakes were driven in the ground to mark the same for future guidance. Plaintiff and his brother both deny that they participated in this location of the line or were in any manner parties to the same. Whether they in fact so joined in the location of the line was a question for the trial court, and we discover no sufficient reason from the record for disapproving the finding made. The court found they both joined in the proceedings in this respect. The evidence further tends to show that subsequent to this location all parties acquiesced in the line so established and treated it as the true boundary between these particular lots. Defendant constructed his buildings in reference to it, and plaintiff long subsequently, in selling and conveying to a third person 20 feet from lot 4, adopted it as the basis for the measurement of the tract so conveyed. The original location was made in the year 1902, and not until a short time prior to the commencement of this action, in 1912, did plaintiff call into question its correctness. This evidence, if satisfactory to the trial court, brought the case within the rule stated. The evidence is not clearly and palpably against the conclusion reached by the trial court and the findings must be sustained. It is not material that lot 4 was 60 feet wide, or that the parties were ignorant of that fact. They deliberately established and agreed upon the dividing line, and subsequently acquiesced in and acted upon that as the true line. This brings the case within the rule of the Beardsley and Benz cases.

Judgment affirmed.