## THOMAS EINUNG v. JOHN SCHLOPKOHL.[1]

March 5, 1915.

Nos. 19,054—(259).

**Boundary — practical location — evidence.**
>    Evidence *held* sufficient to justify the findings of the trial court to the effect that there was a "practical location" of the boundary line here in question.

Action in the district court for Pipestone county to determine a boundary line. The case was tried before Nelson, J., who made the

[1] Reported in 151 N. W. 273.

findings set out in the opinion. From an order denying his motion for a new trial, defendant appealed. Reversed.

*C. H. Christopherson,* for appellant.

*Howard & Gurley,* for respondent.

PER CURIAM.

This action involves the boundary line between the land of the respective parties, and the question here presented is whether the evidence supports the findings of the trial court to the effect that there was heretofore a practical location of such line by the owners of the land adjoining thereon. The court found that prior to the year 1890 the owners of the adjoining land caused a survey thereof to be made for the purpose of locating and establishing the true boundary line between their separate tracts of land; that the line was thus located; that a fence was constructed thereon, and thereafter for more than 20 years all parties acquiesced in the line so established as the true division line between the lands in question, and that the same was not subsequent to such location called in question until about the time of the commencement of this action. It further appears from the evidence that the true line was unknown to the parties at the time of the location thereof as herein stated. These findings clearly bring the case within the rule of practical location as heretofore applied by our decisions. Beardsley v. Crane, 52 Minn. 537, 546, 54 N. W. 740; Benz v. City of St. Paul, 89 Minn. 31, 93 N. W. 1038; Nadeau v. Johnson, 125 Minn. 365, 147 N. W. 241; County of Houston v. Burns, 126 Minn. 206, 148 N. W. 115. The facts in the case at bar are substantially like those presented in the Nadeau and Burns cases. We find the evidence sufficient to support the findings, though the finding of acquiescence for 20 years may not have full support. Yet the time of the acquiescence in the line agreed upon is not of controlling importance. The evidence is reasonably clear that the parties so acquiescing in the line established at their instance recognized and treated it as the true line for over 15 years.

There can be no question of the correct method of determining

a government survey line. But that is not important in the case at bar since there was a practical location of the line in question. Order denying a new trial affirmed.