A. E. KIEF, AS COUNTY ATTORNEY OF CHIPPEWA
COUNTY v. C. E. MILLS.[1]

November 5, 1920.

No. 21,907.

**Appeal from allowance of claim against county — trial de novo — burden
of proof.**

1. An appeal from the allowance of a claim by a county board vacates
the order of allowance, and the issue is for trial de novo on the merits,
with the burden of proof on the claimant.

**Same — absence of settled case — failure of claimant to serve reply.**

2. On appeal to this court from a judgment in favor of the claimant,
if there is no settled case, judgment will not be ordered against the
claimant for want of a reply.

**County board — insertion in contract of extra-statutory provisions.**

3. It is competent for a county board, in entering into a contract, to
insert stipulations not required by statute, in order to secure the ob-
ject for which the contract is made, if such stipulations are not contrary
to public policy and are made without fraud and impose no impediment
to competitive bidding.

The Daily American Newspaper, C. E. Mills, publisher, filed its
itemized bill for printing against the county of Chippewa, which was
approved by the state expert printer of the state of Minnesota, and the
county board. At the request of taxpayers the county attorney appealed
to the district court from the order allowing the bill. The appeal was
tried before Daly, J., who made amended findings and ordered judgment
against the county for the amount demanded. From the judgment en-
tered pursuant to the order for judgment, A. E. Kief, as county attorney,
appealed. Reversed.

*A. E. Kief,* County Attorney, *Peterson & McCargar* and *C. A. Fosnes,*
for appellant.

*C. D. Bensel,* for respondent.

[1]Reported in 179 N. W. 724.

HALLAM, J.

In January, 1919, the county board of Chippewa county entered into a contract with respondent, C. E. Mills, publisher of the Montevideo Daily American, by which Mills agreed to publish in said newspaper during the year 1919, the following:

All the proceedings of the Board of County Commissioners, within twelve days after the adjournment and provided a copy is received from the Auditor of Chippewa County * * * within six days after the adjournment of said board;

Also the financial statement of Chippewa County;

Also all ditch notices;

All the above at sixty cents ($.60) per folio for the first insertion, and twenty-five cents ($.25) for the second and each subsequent insertion;

Also to publish the delinquent tax list at five cents ($.05) per description;

Also to mail a copy of the Montevideo Daily American in which any of the proceedings of the County Board are inserted, or in which the delinquent tax list is published, to each taxpayer of Chippewa County as shown by the personal property tax list in the hands of the County Treasurer;

Also to mail to the persons in townships affected by any County or Judicial Ditch as per said tax list, a copy of the Montevideo Daily American in which any ditch notices are inserted.

In June, 1919, respondent presented to the county board, a bill for $745.20, for publishing proceedings of the board, personal property tax lists, ditch notices and financial statements. The county board allowed the bill. Appellant as county attorney appealed to the district court.

Apparently an order of court was made directing the framing of issues, but the order is not in the record. Respondent filed a complaint setting forth his claim. Appellant filed an answer, alleging that The Daily American was not a legal newspaper, that respondent failed to mail copies as provided by the contract, and that he failed to publish the proceedings of the board and the financial statement within the time provided by the contract. There was no reply.

The trial court found, as facts, that the contract was made as above stated; that The Daily American was a qualified newspaper; that re-

spondent..filed his bill for printing with the county auditor, and that the county board allowed the bill for the sum of $745.20.

There is no finding as to the merits of the claim, except as merit may be inferred from the fact that the county board allowed the claim, and the findings recite that there was no evidence introduced in proof of the claim, except the order of allowance. Upon these findings of fact, the court gave judgment against the county for $745.20.

There is no settled case and the real question presented, as we view it, is whether the findings of fact sustain the judgment.

Respondent's position is that the court will indulge the presumption that the action of the county board is just and legal, and that, on an appeal from the allowance of a claim by the county board, the burden is on the appellant to prove the invalidity of the claim. The trial court adopted this view. In this we think the court was in error. Section 674, G. S. 1913, provides for an appeal to the district court from the allowance of a claim by the county board. Section 675 provides that, upon the appeal being perfected, "the proceeding shall be put upon the calendar for trial as an issue of fact," that "the court shall direct pleadings to be made up as in civil actions, upon which the proceeding shall be tried," and that "issues of fact shall be tried and judgment rendered and perfected as in civil actions."

In our judgment this means that the issues shall be tried in the same manner as are the issues in civil actions commenced in the district court, and, if we are right in this, it must follow that the issue is to be tried de novo. Strauch v. Uhler, 95 Minn. 340, 104 N. W. 535. The appeal vacates the order of the county board and the issue is for trial on the merits, with the burden of proof on the claimant, as in an action brought in court to enforce a money demand. The rule of practice in such cases depends so much on particular statutes that the decisions of other states are of doubtful aid, but such decisions as have bearing sustain this position. Hays v. Pugh, 158 Ind. 500, 64 N. E. 13; Dakota County v. Borowsky, 67 Neb. 317, 93 N. W. 686; Box Butte County v. Noleman, 54 Neb. 239, 74 N. W. 582; Saline County v. Kinkead, 84 Ark. 329, 105 S. W. 581; Prothero v. Board of Co. Commrs. 22 Idaho, 598, 127 Pac. 175; 15 C. J. 657; 11 Cyc. 601.

The decision in State v. Peter, 107 Minn. 460, 120 N. W. 896, does

not, as it seems to us, bear on the practice to be followed on appeal. The decision was that the county board, in passing on claims, acts quasi judicially, and that, when it has once definitely allowed or disallowed a claim, its jurisdiction is exhausted, at least in the absence of fraud or mistake, and that "its action is final * * * unless there be an appeal." We find nothing in this decision or in the statutes there cited which determines the practice to be followed on the trial of an appeal.

The case is, for manifest reasons, different from cases like Schweigert v. Abbott, 122 Minn. 383, 142 N. W. 723, and Sorknes v. Board of County Commrs. of Lac qui Parle County, 131 Minn. 79, 154 N. W. 669, in which it has been held that, when the action of the county board involves legislative judgment and discretion, the court on appeal will limit its inquiry to the question whether the action of the board was arbitrary or fraudulent or oppressive.

2. We do not concur in the contention that this court should order judgment for the appellant because of the failure of respondent to interpose a reply to appellant's answer. Since there is no settled case we are not advised as to what occurred on the trial. A reply may have been waived by voluntary litigation of the issues. Matthews v. Torinus, 22 Minn. 132; Erickson v. Fisher, 51 Minn. 300, 53 N. W. 638; Bassett v. Haren, 61 Minn. 346, 63 N. W. 713; Lyons v. City of Red Wing, 76 Minn. 20, 78 N. W. 868. In such case the want of a reply could not be raised for the first time on appeal. Merchants Nat. Bank of Grand Forks v. Barlow, 79 Minn. 234, 82 N. W. 364.

The case should be remanded for trial on proof as to the merits of the claim.

3. For purposes of another trial, we may say, that we do not sustain respondent's contention that the provision of the contract requiring mailing of the paper in which notices were published was void. This provision is not one which the statute requires to be inserted in the contract, but we think it was competent for the parties to make such a stipulation, to the end that more effective notice should be given. The county board, in entering into a contract, may insert stipulations which they, in their wisdom, may deem necessary or proper in order to secure the object for which the contract is made, if such stipulations are not contrary to public policy, and are made without fraud and impose no impediment to com-

petitive bidding. 15 C. J. 658; County of Houston v. Burns, 126 Minn. 206, 148 N. W. 115; Wells v. Boone County, 171 Iowa, 377, 153 N. W. 220; Knapp v. Swaney, 56 Mich. 345, 23 N. W. 162, 56 Am. Rep. 397; City of St. Louis v. Von Phul, 133 Mo. 561, 34 S. W. 843, 54 Am. St. 695; City & County of Denver v. Hindry, 40 Colo. 42, 90 Pac. 1028, 11 L.R.A.(N.S.) 1028; Coliseum Inv. Co. v. King County, 72 Wash. 687, 131 Pac. 245; Babcock v. Goodrich, 47 Cal. 488; Board of Revenue v. Farson, Son & Co. 197 Ala. 375, 72 South. 613, L.R.A. 1918B, 881; Pilcher v. English, 133 Ga. 496, 66 S. E. 163.

Judgment reversed.