(April 6, 1896.)

## CONGER v. BOARD OF COMMISSIONERS OF LATAH COUNTY.

[48 Pac. 1064.]

EMPLOYMENT OF COUNSEL BY COUNTY COMMISSIONERS.—In the employment of counsel by county commissioners, under section 6, article 18, of the constitution, in order to bind the county, they must act as a board, and their action therein must be made a matter of record.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

A. J. Green, for Appellant.

Neither the constitution nor the statutes of Idaho give county commissioners the power or authority to employ counsel to assist the district attorney in prosecuting criminal cases or to employ counsel to prosecute criminal cases at all. The board of county commissioners had no authority to employ an

assistant counsel in this case, and the order as set out in appellant's notice of appeal is *ultra vires* and void. (*County of Modoc v. Spencer,* 103 Cal. 498, 37 Pac. 483; *Montgomery v. Board of Supervisors,* 22 Wis. 69; *Perry v. Superior City,* 26 Wis. 64; *Hampton v. Board of County Commrs. of Logan Co.,* ante, p. 646, 43 Pac. 324; *Waters v. Trovillo,* 47 Kan. 197, 27 Pac. 822; *Meller v. Board of Commrs.,* ante, p. 44, 35 Pac. 712.)

McNamce & Morgan and William H. Clagett, for Respondent.

The board of county commissioners are expressly authorized to employ counsel when necessary, under the provisions of the constitution of the state of Idaho. (See Const., art. 18, sec. 6.) Also by the Revised Statutes of the state of Idaho it is provided that boards of county commissioners may employ counsel in all suits to which the county is a party in interest, with or without the district attorney, as they may direct. (See Rev. Stats., sec. 1759, subd. 13; *People v. Biles,* 2 Pac. 114, 6 Pac. 120; *Hornblower v. Duden,* 35 Cal. 664; *Smith v. Sacramento,* 13 Cal. 531; *Lassen County v. Shinn,* 88 Cal. 510, 26 Pac. 365; *State v. Williams,* ante, p. 502, 42 Pac. 511.)

SULLIVAN, J.—This is an appeal from the district court of Latah county. The facts are substantially as follows: The members of the board of county commissioners individually requested William H. Claggett, Esq., to assist the district attorney in the prosecution of one Lafayette Williams, who was charged with the crime of the embezzlement of $250 of the funds of the city of Moscow while he was treasurer thereof. After said cause had been tried, the board of county commissioners of said county ordered that a warrant on the current expense fund of said county be drawn in favor of said Claggett for the sum of $250 for his services in assisting in the prosecution of said Williams, from which order an appeal was taken to the district court, and on the hearing there the action of the board was sustained. Thereupon the case was brought by appeal to this court.

The real contention is that the board of county commissioners did not employ William H. Claggett, Esq., to assist in the prosecution of said criminal case. The record shows that the members of said board individually requested him to assist in said prosecution, and that as a board they did not act in said employment. In *Rankin v. Jauman,* ante, p. 394, 39 Pac. 1111, this court held that a board of county commissioners are an entity and can only act to bind the county when sitting as a board. (See, also, *Hampton v. Board of County Commissioners,* ante, p. 646, 43 Pac. 324; *Meller v. Board,* ante, p. 44, 35 Pac. 712.) In the case at bar the employment was made by the members of the board individually. The members of the board, acting individually and separately, are not authorized to employ counsel. It is the county commissioners acting as a board that are given that authority. If such employment could be made by the members of the board, acting separately and individually, no record thereof would be made, and no order entered on the record from which an appeal could be taken. The commissioners, in order to bind the county in the employment of counsel, must act as a board. The above cited authorities are decisive of this case. The judgment of the court below must be reversed, with directions to enter judgment in conformity with this opinion, and it is so ordered.

Morgan, C. J., and Huston, J., concur.