[No. 4864. Decided February 9, 1905.]

# WILLIAM H. CUMMINGS et al., Respondents, v. ROBERT WEIR et al., Appellants.[1]

APPEAL AND ERROR—REVIEW—EVIDENCE. It is harmless error to receive secondary evidence as to records, where the records were afterwards introduced in evidence.

CONTRACTS—EVIDENCE OF ENTIRE CONVERSATION—RELEVANCY. Upon an issue as to the execution of a verbal contract to pay for certain information relative to timber and homestead locations, where the defendants on the same day sought to obtain a reduction of the price, the plaintiff is entitled to detail all the conversation that then took place, as tending to show whether the contract had been made, and it is not error to refuse to strike evidence of a remark then made by plaintiff impugning defendants' honesty.

TRIAL—COMMENT ON FACTS—APPEAL—REVIEW—CURING ERROR BY INSTRUCTIONS. Where the plaintiffs had pleaded on a *quantum meruit* and the proof showed an express contract, it is not reversible error that the court, during the progress of the trial in interrogating counsel concerning the relation of the pleadings to the evidence, unlawfully commented on the facts by stating that the proof clearly showed an express contract, where the error was subsequently cured by full instructions as to the province of the jury alone to determine the existence of the contract.

PLEADINGS—AMENDMENTS TO CONFORM TO PROOF. It is not error to allow a trial amendment to conform to the proof by changing a demand on *quantum meruit* to one for a specific sum, where there was no attempt to show prejudice thereby nor a request for a continuance.

CONTRACTS—FURNISHING INFORMATION TO LOCATE CLAIMS—EVIDENCE—SUFFICIENCY. There is sufficient evidence to sustain a verdict finding liability upon a contract to pay for information whereby the defendants secured timber and homestead locations, where it appears that they secured their first information from the plaintiffs, made locations in pursuance thereof, and agreed to pay a specified sum per claim therefor; and the contract was not affected by plaintiffs' failure to point out the boundaries as agreed upon, where defendants declined such services.

[1]Reported in 79 Pac. 487.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered January 29, 1903, upon the verdict of a jury rendered in favor of the plaintiffs, after a trial on the merits, in an action upon contract. Affirmed.

*Danson & Huneke,* for appellants.

*Hartson & Holloway* and *Hamblen & Lund,* for respondents.

HADLEY, J.—Respondents sued appellants to recover upon an alleged contract, whereby it is claimed the former furnished the latter information which enabled them, and certain others, to secure several timber and homestead locations. Appellants deny the contract. The cause was tried before a jury, and a verdict returned in favor of respondents for the sum of $520. Appellants moved for a new trial, which was denied; and, judgment having been thereafter rendered against them for the amount of the verdict, they have appealed.

The first two assignments of error relate to the introduction of evidence in relation to a witness' knowledge and sources of knowledge as to whether appellants, and others with them, had located upon certain lands. The witness was permitted to state that he saw, upon the records of the land office, that they had filed upon the lands, and, also, that he had seen the advertisements of such filings in a newspaper. This evidence was admitted over the objection that it was not the best evidence. The objection should probably have been sustained, but the error became harmless, for the reason that the proofs were afterwards made from the filing records themselves.

It is assigned that the court should have stricken from the testimony a remark of one of the respondents. The witness had testified that, in the forenoon of a certain day, appellants had made an agreement to pay respondents, and

that the latter thereupon gave them the information concerning the location and character of the lands, as to the amount of timber, and otherwise; that, following the procurement of such information, and in the afternoon of the same day, appellants undertook to get from respondents an agreement to reduce their price; that respondents refused to reduce the price which they claim was before agreed upon, whereupon one of the appellants said: "Well, you don't own the land," and thereupon the respondent witness said: "Certainly not, but when you were talking in the office I supposed you were honest men. When you had asked questions and we furnish you the information, I thought we were dealing with strictly honest men." The above remark of the witness the appellants sought to have stricken. We think it was not error to refuse the motion. The witness was simply detailing his version of what was said between the parties, on the day of the alleged agreement, and we think it was proper for the jury to know all that was said, in order that they might the better determine the controversy as to whether there was in fact a contract or not.

It is next urged that a remark made by the court during the introduction of testimony was prejudicial as a comment upon the facts in issue. The complaint alleged an agreement to pay respondents a reasonable value for the information and for their services, and that $65, for each claim located as the result of information furnished by respondents, was such reasonable value. During the examination of a witness, the court said: "I think the evidence clearly shows they agreed upon $65. The complaint is on *quantum meruit.* The evidence shows express contract. What is the result of that?" The remark, while made to counsel, was in the presence of the jury, and was indeed a comment upon a material and disputed fact. But

it also partook somewhat of the nature of an interrogation to counsel concerning the relation of the pleadings to the evidence submitted, and we think the error was cured by the court's instructions afterwards given, within the rule followed in *Van Lehn* v. *Morse,* 16 Wash. 219, 47 Pac. 435. It was made clear to the jury that the fact as to the existence of a contract was disputed, and that it was their province, alone, to determine what the fact in that regard was. Full instructions were given as to the rules governing the burden of proof, preponderance of evidence, and the general duties of the jurors under the issues and evidence of the case.

It is next urged that the court erred in permitting respondents to amend their complaint upon the trial, so as to change the demand from one on *quantum meruit* to one for specific compensation. The amendment was permitted by interlineation, and corresponded with evidence already submitted. The court stated that the amendment would be allowed, unless respondents showed that they would be prejudiced thereby. The record discloses no attempt at such showing, and not even a request for continuance appears. Under such circumstances the court did not abuse its discretion.

It is assigned that the court erred in the following particulars: (1) In overruling appellants' challenge to the sufficiency of the evidence, and in denying their motion to withdraw the case from the jury and enter judgment for them, at the conclusion of the plaintiffs' evidence; (2) in denying appellants' motion, at the conclusion of plaintiffs' testimony, that the court should exclude from the consideration of the jury any claim for compensation on account of timber locations made by certain persons other than appellants—the ground of the motion being the contention that the evidence did not connect the appellants with the loca-

. tions of said persons in such a manner as to charge appellants with liability under the contract alleged; (3) in denying appellants' challenge to the sufficiency of the evidence, and their motion to enter judgment for them, made at the conclusion of all the evidence in the case.

The motions above enumerated raised the question of the sufficiency of the evidence for submission to the jury. We have read the statement of facts, and we are satisfied that, in each instance, there was sufficient evidence for the jury. We shall not undertake a general review of the evidence. It is sufficient to say, that there was evidence to the effect that appellants procured from the respondents their first information concerning the claims which were afterwards located; that the locations of appellants, and of the other persons, were made in pursuance of the original information thus derived; and that appellants agreed to pay $65 per claim therefor. It is contended that the contract as alleged placed upon respondents the obligation, not only to furnish the information, but, also, to go upon the claims with appellants, and to point them out and designate their boundaries; whereas, it is urged that respondents did not go upon the claims and point out the boundaries. The evidence submitted by respondents was, however, to the effect that, after they had furnished appellants the information concerning the location and character of the claims, and as lands open to location, the appellants took the matter into their own hands, and refused to permit respondents to render further services in the premises. It was, therefore, for the jury to say whether the conduct of appellants was such as excused respondents from actually going upon the lands and showing them to appellants. We think the court did not err in denying the several motions and in submitting the case to the jury.

Other assignments of error are based upon the instruc-

tions given by the court. We think the instructions fairly covered the law under the issues of the case, and that no error was committed therein. We do not believe it would serve any useful purpose to extend this opinion by using the necessary space for a detailed discussion of the points raised on the instructions.

The judgment is affirmed.

Mount, C. J., Fullerton, and Dunbar, JJ., concur.

Rudkin, Root, and Crow, JJ., took no part.