(March 31, 1915.)

# W. W. ADAMSON, Respondent, v. BOARD OF COUNTY COMMISSIONERS OF CUSTER COUNTY, Appellant.

[147 Pac. 785.]

CRIMINAL LAW—APPOINTMENT OF SPECIAL PROSECUTOR—AUTHORITY OF DISTRICT COURT—CONSTRUCTION OF STATUTES.

1. Under the provisions of sec. 2081, Rev. Codes, when the prosecuting attorney is disqualified as provided by said section, the district court is given authority to appoint a person to prosecute any criminal case pending in the district court, and the person so appointed is required to prosecute such case.

2. The law provides for a prosecuting attorney in each county, and it is made his duty to prosecute all criminal cases except such as he is disqualified under the law to prosecute.

3. County commissioners are not authorized under the law to employ counsel to assist the prosecuting attorney in prosecuting criminal cases.

4. *Held,* under the facts of this case that the respondent was a suitable person to be appointed by the district court to prosecute the criminal case referred to in the record.

APPEAL from the District Court of the Sixth Judicial District for Custer County. Hon. James M. Stevens, Judge.

Appeal from the board of county commissioners disallowing a part of a claim for prosecuting a criminal case by a special prosecutor appointed by the district court. Judgment for plaintiff. *Affirmed.*

J. H. Peterson, Attorney General, and A. J. Higgins, Prosecuting Attorney of Custer County, for Appellant, cite no authorities.

W. W. Adamson, for Respondent.

A special prosecutor has all the powers of a regular prosecuting attorney in the prosecution of the particular case he is appointed for, but he is not a prosecuting attorney in the

sense that the term is used in sec. 2084, which only refers to prosecuting attorneys who are elected to fill that office, which is created the same as any other county or state office under our laws. (*State v. Corcoran,* 7 Ida. 220, 61 Pac. 1034.)

PER CURIAM.—This is an appeal from the judgment of the district court modifying an order of the board of county commissioners of Custer county, and entering judgment in favor of the respondent in the sum of $300.

It appears from the record that a certain criminal case was pending in said court, in which the prosecuting attorney of Custer county was disqualified, and the court appointed the respondent as special prosecutor in said criminal case, under the provisions of sec. 2081, Rev. Codes.

Under the statutes of this state and the provisions of said sec. 2081, when the prosecuting attorney is disqualified as provided by said section, the district court is given the authority to appoint a person to prosecute any criminal case pending in the district court. Under the law it is made the duty of the prosecuting attorney of the county to prosecute all criminal cases in which he is not disqualified. A practice has grown up in some of the counties of the state whereby the board of county commissioners employ counsel at the expense of the county to assist the prosecuting attorney in the prosecution of criminal cases. A board of county commissioners has no such authority under the constitution or the law. (*Conger v. Commrs. of Latah County,* 5 Ida. 347, 48 Pac. 1064.) In that case, in Judge Quarles' concurring opinion, it is held as follows:

"The law provides a prosecuting attorney. In case of his absence or inability to act, the law has made it the duty of the district court to appoint a proper person to perform the duties of such district attorney. . . . . The control of criminal prosecutions is vested in the public prosecutor and the district court and the county commissioners cannot by themselves or by hired counsel take charge of such prosecution either in whole or in part. The people select their prosecuting attorneys, and it is not the province of the board of county

commissioners to say that he is incompetent and therefore they will employ counsel to discharge his duties.''

The rule laid down there was the law then and it has not since been changed by statute or decisions of this court.

Said sec. 2081 is as follows:

''When there is no prosecuting attorney for the county, or when he is absent from the court, or when he has acted as counsel or attorney for a party accused in relation to the matter of which the accused stands charged, and for which he is to be tried on a criminal charge, or when he is near of kin to the party to be tried on a criminal charge, or when he is unable to attend to his duties, the district court may, by an order entered in its minutes stating the cause therefor, appoint some suitable person to perform for the time being, or for the trial of such accused person, the duties of such prosecuting attorney, and the person so appointed has all the powers of the prosecuting attorney, while so acting as such.''

Under the provisions of said section the district court is authorized and required to appoint a special prosecutor where the prosecuting attorney is disqualified by the provisions of said section. The district court is authorized to appoint a suitable person as special prosecutor, but it is contended that the respondent is not a suitable person for the reason that he was disqualified from acting by the provisions of sec. 2084, Rev. Codes, on the ground that the respondent was attorney in a civil case in which the defendant in the criminal case and several others were defendants, which civil case was dependent upon some or all of the facts on which this prosecution depended.

Said sec. 2084 is applicable to prosecuting attorneys regularly elected or appointed, and the respondent was not a prosecuting attorney in the sense in which that term is used in said sec. 2084. (See *State v. Corcoran,* 7 Ida. 220, 61 Pac. 1034.) There is nothing in the record to show that respondent instituted that prosecution or solicited the appointment as special prosecutor. He accepted such appointment only as a duty he owed to the state and the court that appointed him,

and was obliged to act. There is nothing in this contention of appellant.

This court is not called upon to pass upon the question whether even under the provisions of said sec. 2081 the respondent under said appointment was entitled to receive compensation for the services rendered in the prosecution of said case, and we do not decide that question.

The judgment is affirmed, with costs in favor of the respondent.