(No. 5436. November 29, 1929.)

C. L. SHILLINGFORD, Doing Business Under the Name and Style of SHILLINGFORD MOTOR SERVICE, Respondent, v. BENEWAH COUNTY, a Municipal Corporation, Appellant, and E. J. BEATON, Sheriff of Benewah County, Defendant.

[282 Pac. 864.]

Wm. D. Keeton, for Appellant.

Robert H. Elder, for Respondent.

VARIAN, J.—Plaintiff brought this action as C. L. Shillingford, doing business under the name and style of Shillingford Motor Service, against Benewah County and E. J. Beaton, sheriff, etc., to recover a balance of $546.61

on an account for gasoline, supplies and services rendered in servicing the sheriff's official car, owned by said county, between May 1 and September 1, 1928. Defendants demurred jointly upon the ground that the complaint did not state a cause of action, misjoinder of parties defendant and that the complaint was conjunctively ambiguous, unintelligible and uncertain, but failed to point out in what particular. The demurrer was overruled, and defendants answered jointly. Later, defendants filed separate amended answers, the county denying the amount of plaintiff's claim and alleging that the sheriff was not authorized to incur the indebtedness; that the articles and services were not necessarily incurred; and that there were no funds out of which the claim could be paid. The sheriff's amended answer denied the amount, and alleged that plaintiff's claim consisted of mandatory expenditures incurred by him as sheriff of Benewah County, for said county, in carrying out the duties of his office in executing process, etc., and that at the time plaintiff's bill was contracted and presented to the board of county commissioners for allowance, the county budget appropriation for the fiscal year was not exhausted, and sufficient funds remained in the budget allowance for ''car expense'' of the sheriff for the payment of said claim. At the close of the evidence, each party moved for an instructed verdict, and the court directed a verdict for plaintiff against Benewah County only, for $546.61.

The first assignment of error is that the court erred in overruling the demurrer, appellant's theory being that the complaint shows on its face that plaintiff was doing business under a trade name, and did not allege compliance with the requirements of Sess. Laws 1921, chap. 212, p. 424, as to filing a certificate with the county recorders of the counties in which he did business, showing the trade name and the real names of the parties conducting the business, etc., and therefore failed to state a cause of action. Section 6 of said act of 1921 provides that no person carrying on or conducting business under a trade name shall maintain any suit in the courts of this state without alleging and

proving the filing of the certificate mentioned. In construing said section, this court held that noncompliance with the statutory requirements is an affirmative defense, going to plaintiff's capacity to sue, and that when the failure to allege compliance is not raised by demurrer or answer, the objection is waived. (*Gallafent v. Tucker, ante,* p. 240, 281 Pac. 375.) The objection may be raised, noncompliance appearing on the face of the complaint, by demurrer for want of capacity to sue. (C. S., sec. 6689.) It cannot be raised by general demurrer (*Phillips v. Goldtree,* 74 Cal. 151, 13 Pac. 313, 15 Pac. 451; *Holden v. Mensinger,* 175 Cal. 300, 165 Pac. 950; *Beamish v. Noon,* 76 Or. 415, 149 Pac. 522), nor by demurrer for uncertainty. (*Rummelsburg v. McDonald,* 66 Cal. App. 380, 226 Pac. 412. See 20 Cal. Jur., p. 776; 21 Cal. Jur., p. 100.) In the case at bar, after both sides had rested and appellant had asked for an instructed verdict, the court permitted plaintiff to open up his case, amend his complaint, and make the requisite proof of compliance with the statute. This was not an abuse of discretion. Having failed to properly raise the question by special demurrer or by answer, defendants waived the objection.

The principal question raised by numerous assignments of error has to do with the so-called County Budget Law, Sess. Laws 1927, chap. 232, p. 337, entitled "An Act Defining the Fiscal Year for Counties, Providing for a Budget System for Making and Controlling County Estimates, Tax Levies and Expenditures, and Providing Penalties for the Violation Thereof," etc.

It is admitted that a budget for the fiscal year commencing the second Monday in April, 1928, was duly prepared and filed, and that in providing for the expenses of the sheriff's office $1200 was allowed for "car expense" for said fiscal year. Section 6 of the act under consideration provides that the county commissioners may make transfers within the general classes of "Salaries and Wages" and "Maintenance and Operation," and that—

"Expenditures made, liabilities incurred, or warrants issued in excess of any of the detailed budget appropriations or as revised by transfer as herein provided, shall not be a liability of the county, but the official making or incurring such expenditures or issuing such warrant shall be liable therefor personally, and upon his official bond. The county auditor shall issue no warrant and the County Commissioners shall approve no claim for any expenditure in excess of said detailed budget appropriations, or as revised under the provisions hereof, except upon an order of a court of competent jurisdiction, or for emergencies as hereinafter provided."

The record shows that the sheriff maintained a running account with plaintiff who furnished gasoline, oil and repairs, including labor, for the office car, which, when this action was tried, amounted to a balance due plaintiff of $546.61. Plaintiff filed bills with the county commissioners for the months of May, June, July and August, 1928. The final claim, filed September 8, 1928, was indorsed, "Sept. 10, 1928. Examined and allowed in the sum of $77.31. Balance to settle account in full to June 1, 1928, and rejected as to $469.30," signed A. E. Stickney, Chairman of the Board. The clerk prepared and entered an order on the minutes of the meeting of September 10, 1928, reading as follows:

"Approval in part and rejection of claims. At this time the Board had up for consideration the claim of the Shillingford Motor Company for car repairs, car hire, gas and etc., furnished the Sheriff's office in the sum of $546.61, up to and including September 1, 1928, of which sum the Board rejected as not being a legal claim against the public funds of Benewah County, in accordance with the Budget Law passed by the Legislature, 1927, in the sum of $469.30, but approved $77.31 being in settlement of account of June 1, 1928, issuing Warrant No. 1032 for such sum."

A warrant was delivered to plaintiff for said sum of $77.31, and returned to the auditor without being cashed. When the last item of plaintiff's account was furnished

on August 31, 1928, there was $851.04 in the sheriff's car expense fund of the budget, and the same amount when the board of county commissioners disallowed plaintiff's claim on September 10, 1928; and after deducting the other claims allowed at said last-named meeting, there still remained $619.77 in said car expense fund. When the cause, was tried there was but $5.83 in said fund.

 Apparently, the county commissioners, in acting on plaintiff's claim, went upon the theory that only one-twelfth of the budget appropriation for the fiscal year might be contracted for by the sheriff in any one month; that when his expenditures contracted on account of ''car expense'' exceeded $100 in any month, they were not authorized to allow claims contracted in such month in excess of said sum. The act of 1927 defines a ''fiscal year'' and provides that estimates ''for the fiscal year'' be made; the revenue receipts ''for the ensuing fiscal year'' are prepared for the budget by the auditor; and the budget must set forth the ɔstimated expenditures ''for the ensuing fiscal year.'' Clearly the law does not contemplate any restriction upon the contracting powers of the officer other than the amount contracted for during the entire fiscal year shall not exceed the budget appropriation for the same period. It was the duty of the board of county commissioners to allow all legal claims properly chargeable to the fund in question so long as there was sufficient money in the fund to pay the claims allowed.

Appellant offered to prove that an order, not entered upon the minutes, had been made by the board of county commissioners requiring the several county officers to expend monthly only a proportional part of the various budget appropriations, and that the sheriff had been orally notified of such order. Denial of this offer is assigned as error.

 County commissioners must act as a board (*Rankin v. Jauman*, 4 Ida. 394, 39 Pac. 1111; *Conger v. Board of Commissioners of Latah County*, 4 Ida. 740, 48 Pac. 1064), and have only such power as is expressly or impliedly conferred on them by statute. (Ida. Const., art. 18, sec. 11;

*Prothero v. Board of County Commrs.*, 22 Ida. 598, 127 Pac. 175. See *Gooding Highway District v. Idaho Irr. Co.*, 30 Ida. 232, 164 Pac. 99; *Conger v. Board of Commissioners of Latah County*, 5 Ida. 347, 48 Pac. 1064; *Rankin v. Jauman, supra*.) The statute requires that the board must record its minutes and decisions. (C. S., secs. 3409, 3410; *Gilbert v. Canyon County*, 14 Ida. 429, 94 Pac. 1027.) No record of any such order was made, and a careful search of the act of 1927 fails to show any authority, express or implied, giving boards of county commissioners power to limit the sheriff's monthly expenditures to an amount equal to one-twelfth of the budget appropriation for the entire fiscal year. There was no error in excluding these offers.

Error is assigned in that the court permitted counsel for plaintiff to examine the witnesses Beaton and Shillingford concerning certain items of plaintiff's claim filed with the clerk of the board of county commissioners, prior to its formal admission in evidence. The original entries of the various items going to make up plaintiff's claim were made upon slips of paper, all of which were produced at the trial, thereby giving defendants an opportunity to examine the witnesses, including plaintiff's employees, in regard thereto. Plaintiff's claim having been later admitted in evidence, the objection falls within the rule that error in the admission of secondary evidence of the contents of a writing is cured by the subsequent introduction in evidence of the writing itself. (*Hart-Parr Co. v. Alvin-Japanese Nursery Co.*, (Tex. Civ. App.) 179 S. W. 697; *Cummings v. Weir*, 37 Wash. 42, 79 Pac. 487; *Kimm v. Wolters*, 28 S. D. 255, 133 N. W. 277.)

Other assignments of error have been examined and found to be without merit.

Judgment affirmed. Costs to respondent.

Budge, C. J., and Givens, T. Bailey Lee and Wm. E. Lee, JJ., concur.