76 P.3d 963

**STATE of Idaho, Plaintiff–Respondent,**

v.

**D. Scott SUMMER, Defendant–Appellant.**

No. 27818.

Supreme Court of Idaho,
Boise, March 2003 Term.

July 31, 2003.

Rehearing Denied Sept. 22, 2003.

---

Nevin, Herzfield, Benjamin & McKay, Boise, for appellant. David Z. Nevin argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

SCHROEDER, Justice.

D. Scott Summer (Summer) appeals his conviction of theft by deception on the grounds that the indictment against him omitted one of the elements of the crime charged, that the grand jury indictment was flawed because it was brought by the Idaho Attorney General who did not have jurisdiction to do so, and that there was insufficient evidence to present the charge to the trial jury. Summer also challenges whether third parties, *i.e.* lawyers, engaged in settlement negotiations can present "claims" pursuant to insurance policies. He was acquitted on this charge, however.

## I.

### BACKGROUND

Summer is a lawyer who was admitted to the bar in 1996. He represented Michael White concerning two unrelated auto accidents White suffered on April 4th and 15th of 1996. In the first accident White suffered injuries to which the other driver who was insured by State Farm Mutual Auto Insurance was assigned fault. The second accident involved a truck from Boise Cascade Corporation that tipped over and hit White's rental car, causing only minor damage to the vehicle and no personal injury other than aggravating White's previous injuries. Boise Cascade is self-insured and employs Eastern Oregon Claims, Inc., to adjust accident claims.

Summer made an offer to State Farm to settle the first accident. He did not report the second accident or any aggravation of White's injuries resulting from the second accident to State Farm. State Farm agreed to a settlement, and Summer informed White that his case was closed. However, Summer wrote a letter to Eastern Oregon Claims asking it to settle Boise Cascade's accident with White for $9,081, claiming as damages many of the medical injuries White had suffered in the first accident. There is evidence that Summer altered some dental reports relating to White's first accident by whiting out the date of the crash and sent them to Eastern Oregon Claims. Eastern Oregon Claims forwarded the letter to Boise Cascade which rejected the claim. Summer made no more attempts to settle the claim and dropped the matter.

In November of 1997 a deputy attorney general brought Summer's conduct before a grand jury in Canyon County. The deputy attorney general had not been appointed to act as a special prosecutor in the case. The grand jury returned a three-count indictment, alleging that Summer had committed (1) insurance fraud as to the settlement of the first accident, (2) forgery as to the alteration of the dental records, and (3) insurance fraud and in the alternative grand theft by deception as to the attempt to settle the second accident. Summer moved to dismiss all the charges, which the trial court considered pending an interlocutory appeal on

count three. The deputy attorney general obtained a second indictment against Summer, although he still had not yet been formally appointed to act as the prosecutor in the case. Summer moved to dismiss the case on the grounds that the deputy attorney general did not have the authority and jurisdiction to try the case. The district court agreed with Summer, but gave the deputy attorney general ten days to petition for a special appearance pursuant to I.C. § 31–2603(b). The deputy attorney general petitioned, and the district court entered an order allowing the special appearance.

The second indictment alleged Summer had committed (1) insurance fraud, (2) forgery, and (3) grand theft by deception. Before the jury was given instructions, Summer moved to dismiss counts 2 and 3 on the grounds that the indictment failed to allege that he attempted to deprive property "from the owner thereof," an element of the crime listed in the theft statute I.C. § 18–2403. The State moved to amend the indictment as to grand theft by deception to include the owner of the property, Boise Cascade. Summer challenged the state's motion. The district court disallowed the State's amendment. The court dismissed the charge of forgery. After trial on the remaining counts, the jury acquitted Summer of insurance fraud but found him guilty of grand theft by deception. Summer appealed.

## II.

## THE INDICTMENT WAS SUFFICIENT AND THERE WAS SUFFICIENT EVIDENCE TO SUPPORT THE CONVICTION

### A. Standard of Review

 Whether an indictment or information conforms to the requirements of law is a question subject to free review. *State v. Clark*, 115 Idaho 1056, 1057, 772 P.2d 263, 264 (Ct.App.1989). The issue is whether the information in the indictment is sufficient to fairly inform the defendant of the charges against him and whether it allows the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense.

*State v. Robran,* 119 Idaho 285, 805 P.2d 491 (Ct.App.1991).

### B. Sufficiency of the Indictment

■ The theft statute under which Summer was charged requires that he attempt to deprive "the owner thereof" of its property. The indictment identified Eastern Oregon Claims, Inc. and not Boise Cascade as the owner of the property that Summer attempted to take. Summer maintains that the indictment was insufficient to charge a crime and should have been dismissed by the district court.

The State maintains that Summer is estopped from raising the issue of the sufficiency of the indictment as to theft by deception since he objected to the amendment of the indictment to cure any deficiency. Further, the district court found the indictment sufficient in that exact specificity as to the owner was not necessary—the allegation that Summer wrongfully intended to deprive another of property, satisfied the requirement that he intended to take the "property from the owner thereof."

Idaho Code section 18–2403(1), (2)(a), states:

> **Theft.**—(1) A person steals property and commits theft when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.
>
> (2) Theft includes a wrongful taking, obtaining or withholding of another's property, with intent prescribed in subsection (1) of this section, committed in any of the following ways:
>
> (a) By deception obtains or exerts control over property of the owner....

The indictment stated:

> That, on or about November 6, 1996, in the County of Canyon, State of Idaho, the defendant, D. SCOTT SUMMER, did, with the intent to deprive another of property attempt to deceive another for purpose of obtaining $9,081.00, lawful money of the United States, to wit: the defendant, D. SCOTT SUMMER, while attempting to settle a claim, wrongfully attempted to deceive Eastern Oregon Claims Service to settle a claim for $9,081.00 well knowing

that the statements he was making in support of his demand for payment were false and misleading.

The district judge made the following analysis of the objection to the sufficiency of the indictment:

> The case law would indicate that you must be specific enough to advise the defendant as to the particular section of the statute he or she is being charged with having violated and, in addition, must set forth a concise statement of the facts constituting the alleged offense, sufficiently stated that the alleged offense may be identified with certainty as to time, place, and persons involved.... [T]he court does not believe, based on case law, again, that the identity of the victim must be exact.

■ This Court has stated that the words used in the statute need not be strictly restated in the indictment. *See Robran,* 119 Idaho at 288, 805 P.2d at 494. However, the indictment must present a plain, precise, and definite statement of essential facts constituting the offenses charged, contain the elements of the offense charged, fairly inform the defendant of what he is being charged with, and enable him to plead an acquittal or conviction in bar of future prosecutions. *State v. Holcomb,* 128 Idaho 296, 912 P.2d 664 (Ct.App.1995). The indictment indicates that Summer attempted to take $9,081.00 by making false statements to Eastern Oregon Claims through the demand for settlement. The indictment is specific except on the point that Eastern Oregon Claims would not be responsible for payment. Boise Cascade as an independent insurer would pay from the property belonging to it. The indictment set forth sufficient facts to make it clear that Summer was charged with attempting to take property from the owner of the property. That effort was made through deceptive materials sent to Eastern Oregon Claims which was acting for the owner. There were sufficient facts alleged to allow Summer to mount a defense and to preclude further prosecution arising out of the deception to Eastern Oregon Claims. The indictment was not defective.

### C. Sufficiency of the Evidence

■ Summer argues that the charge of grand theft by deception should not have

been submitted to the jury because the evidence concerned his alleged attempt to deprive Boise Cascade of property, not Eastern Oregon Claims, which is the victim cited in the indictment. He maintains that this Court has stated that settlement offers are not subject to precise evaluation; and, according to the theft statute, theft of property without determinable value shall be valued at $300 or less. Consequently, he could not have committed grand theft, only misdemeanor theft.

As previously determined, the indictment was sufficient, and there was evidence to support the charge that Summer attempted to take property of another by deception. Evidence that Boise Cascade was the owner of the property was properly admitted and supported the change.

Summer relies on I.C. § 18–2402(11)(a) and (c) and *Anderson v. Farmers Ins. Co. of Idaho,* 130 Idaho 755, 947 P.2d 1003 (1997), for the argument that the settlement claim was speculative and, consequently could only result in a misdemeanor conviction. I.C. § 18–2402(11)(a) and (c) state in relevant part that the value of property for the grading of offenses shall be the "market value of the property at the time and place of the crime" or "three hundred dollars ... or less" if the value cannot be satisfactorily ascertained. In *Anderson* this Court stated, "Settlement offers are not undisputed amounts.... They are merely offers to compromise a disputed claim." *Anderson,* 130 Idaho at 758, 947 P.2d at 1006. Thus, according to Summer, the property he attempted to obtain by deception could have only been worth $300 or less, and the felony charge is null by legal impossibility.

The settlement claim has no inherent value, but through that claim Summer was to obtain over $9,000. There was adequate evidence from which the jury could determine that the value of the property Summer attempted to obtain exceeded $300. This does not endanger the civil settlement process where claims may be made for amounts well in excess of their actual value. It endangers the practice of using false or altered documents to secure payments. The license to bargain and puff does not encompass the license to falsify documents and make claims for injuries and damages arising from another accident.

## III.

## ATTORNEY GENERAL'S JURISDICTION

■ The deputy attorney commenced prosecution of this case before the grand jury without the consent of the Canyon County prosecutor and without being appointed by the district court upon special petition. Summer argues that this violates the division of prosecutorial activities as set forth in I.C. §§ 31–2227, 31–2604, 67–1401, and the prohibition of I.C. § 19–1111 that no one except the prosecuting attorney be allowed to address the grand jury.

The State responds that I.C. § § 41–213 and 41–295 specifically allow the Attorney General to initiate prosecutions for insurance fraud and related crimes and that there is flexible concurrent jurisdiction between the Attorney General and the county prosecutors. Additionally, the State argues even if the Attorney General does not have the authority to bring the charges before the grand jury, Summer is not entitled to a dismissal of the charge since the Attorney General exercised no undue influence over the grand jurors.

Idaho Code § 19–1111 states in relevant part that the "prosecuting attorney of the county may at all times appear before the grand jury .... but no other person is permitted to be present during the sessions" except the witnesses called and any interpreters. Summer argues that the deputy attorney general's presence violated I.C. § 19–1111. In *State v. Edmonson,* 113 Idaho 230, 743 P.2d 459 (1987), this Court declined to dismiss indictments challenged on the grounds that two unauthorized persons, the deputy clerk of the district court and an attorney with the Idaho Department of Law Enforcement, were present at the grand jury hearings. This Court stated that I.C. § 19–1111 protects against that presence of unauthorized persons would cause undue influence upon the grand jurors—and that there must be both unauthorized persons and resulting prejudice. *Id.* 113 Idaho at 239, 743 P.2d at

468. This Court concluded that the clerk was needed to run the court machines and the "attorney general [or his officers] is an extension of the prosecutor, and in effect, an authorized person within the meaning of I.C. § 19–1111 and I.C.R. 6(d)." *Id.* at 240, 743 P.2d at 469. This Court considered the statutory scheme relating to the Attorney General and county prosecutors in *Newman v. Lance*, 129 Idaho 98, 102, 922 P.2d 395, 399 (1996). At the time *Newman* was decided the Attorney General under I.C. § 67–1401 was allowed to "exercise supervisory powers over prosecuting attorneys in all matters pertaining to their duties … [,] when required by public service, to repair to any county in the state and assist the prosecuting attorney thereof … [and] exercise all the common law power and authority usually appertaining to the office."

In 1998 the Legislature deleted the provision allowing the Attorney General to "exercise supervisory powers over prosecuting attorneys," apparently reducing the authority of the Attorney General in relation to county prosecuting attorneys. Even prior to the 1998 amendment to I.C. § 67–1401, *Newman* made it clear that the prosecuting attorney has primary responsibility for the enforcement of state penal laws and resolved the issue against the Attorney General's office when it sought to exercise dominion and control of the case in Minidoka County contrary to the position of the prosecuting attorney. The conflict that had to be resolved in *Newman* does not exist in this case. Subsequent to the presentation of the case to the grand jury by a deputy attorney general, the Canyon County Prosecuting Attorney moved for the appointment of a special prosecuting attorney, and the district court entered an order appointing "any duly appointed and sworn Deputy Attorney General" as a special prosecuting attorney. Any defect in the process of obtaining an indictment was cured.

## IV.

### THE ISSUES CONCERNING INSURANCE FRAUD ARE MOOT

Summer maintains that the Court should consider whether an attorney engaged in settlement negotiations can be charged with insurance fraud under I.C. § 41–293 (1994), which states that persons are guilty of insurance fraud if by misleading statements, they attempt to gain funds from an insurer "pursuant to an insurance policy."

The issue is moot because Summer was acquitted of the charge, and the language "pursuant to an insurance policy" was deleted from I.C. § 41–293 in 1997.

## V.

### CONCLUSION

The Order of Probation on Withheld Judgment entered by the district court following a jury determination that Summer was guilty of attempted theft by deception is affirmed.

Chief Justice TROUT, Justices WALTERS and EISMANN concur.

Justice KIDWELL, specially concurring.

I believe the majority opinion reaches the correct result regarding the authority of the Attorney General to initiate prosecution in this matter; that on the facts of this case, any defect in the indictment or the authority of the Attorney General was cured by the district court's order of November 12, 1999, appointing special counsel. I write specially, however, to emphasize that public policy calls for the Attorney General to resist the temptation to become overly involved with the role played by county prosecutors.

The Attorney General and county prosecutors are constitutional officers in Idaho. Idaho Constitution Art. IV, § 1 and Art. V, § 18. The fact that each holds a separate constitutional office establishes a public policy in favor of distinguishing between roles for prosecuting attorneys and the Attorney General and his (or her) deputies. In addition to the constitutionally established public policy calling for a distinction between the roles, the Legislature has set forth specific duties for prosecuting attorneys. One such duty is "[t]o prosecute all felony criminal actions, irrespective of whom the arresting officer is…." I.C. § 31–2604(2). The county prosecutors' duty are also described by I.C. § 31–2227, which states in part:

*Irrespective of police powers vested by statute in state* ... it is hereby declared to be the policy of the state of Idaho that the primary duty of enforcing all the penal provisions of any and all statutes of this state, in any court, is vested in the sheriff and prosecuting attorney of each of the several counties.

Additionally, this Court has held that "it is the duty of the prosecuting attorney of the county to prosecute all criminal cases in which he is not disqualified." *Adamson v. Bd. of County Comm'rs of Custer County,* 27 Idaho 190, 191, 147 P. 785, 785 (1915). While the Idaho Code has been amended since this Court decided *Adamson,* the amendments have done nothing to supercede its holding.

The Attorney General argues that I.C. § 41–213(3), setting forth guidelines for the Department of Insurance, grants authority for the Attorney General to bring criminal charges arising from insurance code violations such as those in this case. This section states:

> If the director has reason to believe that any person has violated any provision of this code, or any provision of other law as applicable to insurance operations, for which criminal prosecution is provided and would be in order, he shall give the information relative thereto to the attorney general or county attorney having jurisdiction of any such violation. The attorney general or county attorney shall promptly institute such action or proceedings against such person as the information may require or justify.

I.C. § 41–213(3). In stating that "[t]he attorney general or county attorney shall promptly institute such action or proceedings against such person as the information may require or justify," section 41–213(3) does grant the attorney general authority to institute certain types of actions arising from insurance code violations. The section does not, however, grant the attorney general power to institute actions for violations of the insurance code that he is otherwise constitutionally or statutorily barred from instituting. Thus, in this case, like any other criminal case, it is the county prosecutor, not the Attorney general who has the authority to initiate felony criminal proceedings. This conclusion receives further support from I.C.

§ 31–2603 which allows a county prosecutor to petition the district court for appointment of a "special assistant attorney-general to assist in the prosecution of any criminal case pending in the county." I.C. § 31–2603(b). Such an appointment is only appropriate, however, where "good cause appears for granting such petition...." I.C. § 31–2603(b).

In light of the constitutional distinctions between the Attorney General and county prosecutors, the Legislature's descriptions of the duties of each, and section 31–2603 which allows for appointment of special prosecutors, it is clear that the Attorney General's office does not have the power to initiate criminal proceedings absent a petition and order of the district court. Nothing in the record shows that the Attorney General office had received a court order empowering it to initiate this case at the time the matter was submitted to the grand jury. Thus, the proceedings were improperly instituted. On the facts of this case, the court's order appointing the Attorney General as a special prosecutor cured this defect. The Attorney General's office should, however, take this case as fair warning that it is not constitutionally or statutorily authorized to initiate criminal proceedings without an order of a district court.